IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT "RJ" HERNANDEZ,**

      **Plaintiff,**

v.                                                                  No. CIV-15-0718 MV/LAM

**LYNN ELLINS, in his official capacity as a
Dona Ana County Clerk, et al.,**

      **Defendants.**

# ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [*Doc. 11*]

**THIS MATTER** is before the Court on *Plaintiff's Motion and Memorandum for Leave to File His Second Amendment of Complaint (Doc. 11)*, filed September 29, 2015. Defendants filed a response in opposition to the motion on October 8, 2015 [*Doc. 14*], and Plaintiff filed a reply on October 22, 2015 [*Doc. 16*]. On October 2, 2015, the presiding judge in this case designated the undersigned to hear and determine the motion pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). [*Doc. 12*]. Section 636(b)(1)(A) authorizes a magistrate judge to hear and determine pretrial matters, other than motions for injunctive relief and dispositive matters. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED.**

In his motion to file a Second Amended Complaint, Plaintiff states that he filed his original Complaint on August 17, 2015 [*Doc. 1*] and that the next day he filed a First Amended Complaint to correct Plaintiff's name in the caption [*Doc. 3*]. *See* [*Doc. 11* at 1]. Plaintiff states that he seeks to file a Second Amended Complaint "to include allegations of evidentiary facts" [*Doc.11* at 3], and states that his proposed Second Amended Complaint adds paragraphs 26(A)-26(D) and 27(B)-(C), adds a new cause of action in the alternative to Plaintiff's second case of action,

and changes the numbering of the causes of action and corrects a typo (*id.* at 4; *see also* Proposed Second Amended Complaint, *Doc. 11-1* at 10-11 and 19-20).

In response, Defendants note that on September 9, 2015, they filed a motion to dismiss Counts I, II and VI of Plaintiff's First Amended Complaint [*Doc. 7*], and Defendants contend that Plaintiff's motion to file a Second Amended Complaint should be denied because Plaintiff's proposed Second Amended Complaint "does nothing whatsoever to address the fatal deficiencies fully set forth in their pending Motion to Dismiss Counts I, II and VI of Plaintiff's First Amended Complaint, and thus it would be entirely futile." [*Doc. 14* at 4]. In reply, Plaintiff contends that he has alleged sufficient facts to support his causes of action, and that his proposed Second Amended Complaint provides additional facts to support his claims. [*Doc. 16* at 2-7].

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading, after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave." While leave to amend should be freely given (Fed. R. Civ. P. 15(a)(2)), the Court may refuse leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted).

## ANALYSIS

At the outset, the Court notes its concern with Plaintiff's counsel's statement in his motion to file a Second Amended Complaint that he "filed his First Amended Complaint to rectify a [sic] error in the caption of the Complaint incorrectly identifying [Plaintiff] as Robert James Hernandez [Doc. 3]." [*Doc. 11* at 1]. This statement implies that the only change made to Plaintiff's

original Complaint was correcting Plaintiff's name. However, as Defendants point out (*see Doc. 14* at 3, n.1), Plaintiff's First Amended Complaint made several changes to his original Complaint, including the addition of Paragraphs 10(C) and 13, significantly amending Paragraph 27, and deleting Paragraph 28. *Compare* [*Doc. 1* at 5, 7, and 11] *with* [*Doc. 3* at 5, 7 and 11]. The Court instructs Plaintiff's counsel in this case to review the Lawyer's Creed of Professionalism of the State Bar of New Mexico. Any lawyer appearing in this District <u>must</u> comply with this creed. D.N.M. LR-Civ. 83.9 ("Lawyers appearing in this District must comply with the section for lawyers of "A Creed of Professionalism of the New Mexico Bench and Bar."). The Court specifically calls counsel's attention to the admonition for counsel to engage in the following behavior with respect to opposing parties and their counsel: "I will not make improper statements of fact or of law." *See* Creed of Professionalism, Lawyer's Preamble, Paragraph C at http://www.nmbar.org/Nmstatebar/For_Members/Creed_of_Professionalism.aspx (site last checked December 7, 2015). Plaintiff's counsel's account of the amendment made in the First Amended Complaint is inaccurate and implies that only a minor change to his client's name was made when actually multiple changes were made to the original Complaint. The Court cautions Plaintiff's counsel to make accurate statements to the Court and opposing counsel in the future.

Despite Plaintiff's counsel's improper statement of fact regarding his First Amended Complaint, the Court finds that Plaintiff's motion to file a Second Amended Complaint should be granted. Defendants contend that Plaintiff's new amendments are futile because Defendants have already filed a motion to dismiss Counts I, II, and VI, and Plaintiff's new amendments do not cure the deficiencies in those claims. *See* [*Doc. 14* at 1-4]. While Defendants' motion to dismiss may have merit even with Plaintiff's proposed amendments, that motion is not the subject of the motion presently before the undersigned and it would be improper for the undersigned to determine the

merits of those claims in this Order. In addition, Defendants do not contend in their response to Plaintiff's motion that Count 8 is futile, and that is the only claim that Plaintiff is adding in his Second Amended Complaint. While Defendants state that re-filing their motion to dismiss would be expensive, the Court finds that it would be minimally prejudicial to Defendants because there are only a few additions to the Second Amended Complaint that Plaintiffs may need to address in an amended motion to dismiss. The Court further finds that no showing has been made of undue delay, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. For these reasons, the Court will allow Plaintiff to file his Second Amended Complaint.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiff's Motion and Memorandum for Leave to File His Second Amendment of Complaint (Doc. 11)* is **GRANTED**, and Plaintiff shall file **within three (3) business days of entry of this Order** his Second Amended Complaint, **which shall be identical to the second proposed Second Amended Complaint at *Document 11-1*.**

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**