IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT "RJ" HERNANDEZ,

    Plaintiff,

v.                                      CV 15-718 MV/GJF

LYNN ELLINS, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Counts I, II and VIII of Plaintiff's Second Amended Complaint and for Qualified Immunity and Memorandum in Support Thereof [Doc. 24]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

## BACKGROUND

The facts as alleged by Plaintiff in his Second Amended Complaint [Doc. 19] are as follows. In September 2014, Defendant was hired as a temporary employee in the Dona Ana County Clerk's Office ("Clerk's Office"). Doc. 19 ¶ 11. His assignment was to develop policies and procedures across polling places in the county, which was the same type of work that he had done with the Clerk's Office for over 20 years. *Id.* ¶. Defendant expected his temporary assignment to continue through February of 2016. *Id.*

In March of 2015, Defendant Scott Krahling, Chief Deputy Clerk for Dona Ana County, announced to the employees of the Clerk's Office that he intended to run in 2016 for the position of County Clerk for Dona Ana County. *Id.* ¶ 12. Also in March of 2015, Defendant Lynn

1

Ellins, Clerk for Dona Ana County, announced to the employees of the Clerk's Office that he intended to serve in the position of Chief Deputy County Clerk for Dona Ana County for two years following the 2016 election, and to thereafter run for the position of Dona Ana County Commission[er] in the 2018 election. *Id.*

On April 15, 2015 at 2:00 p.m., Plaintiff "casually mentioned" to Defendant Krahling that he was considering running in 2016, as a Republican, for Dona Ana County Clerk. *Id.* ¶ 14. Thereafter, Defendant Krahling "approached" Plaintiff through a Facebook posting on April 16, 2015, and "confronted" Plaintiff in Plaintiff's office on April 17, 2015. *Id.* ¶¶ 15-16. Plaintiff "was subjected to" the following: he was locked out of the computer system; clerk staff "were instructed" not to speak to him; clerk staff did not speak to him; and Defendant Krahling did not speak to him for over two months. *Id.* ¶ 17. Plaintiff filed "several" EEOC complaints outlining his concerns, which complaints were "largely disregarded." *Id.* ¶ 20.

Based on this series of events, Plaintiff claims that:

> Defendants[] improperly harassed Plaintiff and subjected him to harassment, retaliation, hostile work environment and outrageous conduct in retaliation against Plaintiff associated with Plaintiff's constitutionally protected action of seeking support in his off duty hours for his possible candidacy for Dona Ana County Clerk in the 2016 election after Plaintiff mentioned his interest in running for this political position.

*Id.* ¶ 18.

Plaintiff's Second Amended Complaint further alleges that, on May 11, 2015, Maria Ceniceros approached Plaintiff and asked if he was interested in making extra money by cashing fraudulently obtained United States Treasury refund checks. *Id.* ¶ 22. Plaintiff agreed to go along with the scheme for the purposes of getting more information and speaking out about this criminal activity to law enforcement. *Id.* ¶ 22. Plaintiff spoke out about his concerns to law enforcement after the end of his work day. *Id.* After his initial statement to law enforcement,

Plaintiff's continued activities related to the ongoing crimes were directed by federal and local government. *Id.* ¶ 24.

On Friday, May 29, 2015, three people were arrested based on Plaintiff's statements to law enforcement. *Id.* ¶ 25. Over the weekend, Plaintiff gave an interview to the Las Cruces Sun-News about the criminal activity in the Clerk's Office. *Id.* ¶ 26. On Monday, June 1, 2015, as three more employees of the Clerk's Office were being arrested, Defendant Ellins stopped at Plaintiff's desk, pointed his finger into Plaintiff's face, and said, "either you're dead or you're next." *Id.* ¶ 27. Also that day, the Sun-News ran the article on the issues in the Clerk's Office, which article included the interview with Plaintiff, and the website NMPolitics.net ran an article citing the Sun-News article. *Id.* ¶ 27.

Thereafter, on June 4, 2015, Dona Ana County terminated Plaintiff's employment. *Id.* ¶ 28. Plaintiff claims that Dona Ana County's termination of his employment was done "in retaliation for the public harassment caused to Lynn Ellins, associated with [Plaintiff]'s Constitutionally protected action of speaking out about criminal activity that was taking place in the Dona Ana County Clerk's Office." *Id.*

On August 17, 2015, Plaintiff commenced the instant action against the Board of County Commissioners for Dona Ana County and the following individuals, in their individual capacity and in their official capacity[1]: Lynn Ellins (Dona Ana County Clerk), Julia Brown (Dona Ana County Manager), Dave Medieros (Dona Ana Interim County Attorney), and Scott Krahling (Dona Ana County Chief Deputy Clerk). In his Second Amended Complaint, Plaintiff sets forth eight claims against all of the Defendants, which include, *inter alia*, two claims brought

---

[1] "[A]n official-capacity suit is in all respects, other than name, . . . a suit against the entity.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, the Court interprets Plaintiff's official capacity claims against the individual Defendants to be claims against the municipality of Dona Ana County.

3

pursuant to 42 U.S.C. Section 1983, for "Deprivation of First Amendment Right of Freedom of Association" (Count I), and for "Deprivation of First Amendment Right of Freedom of Speech" (Count II), and a claim "Pled in the Alternative to the Second Cause of Action Deprivation of First Amendment Right of Freedom of Speech" (Count VIII).

On March 22, 2016, Defendants filed their motion to dismiss Counts I, II, and VIII of the Second Amended Complaint, arguing that Plaintiff fails to state a claim on the merits against Defendants, and that Plaintiff's claims against the individual Defendants are barred by qualified immunity. Plaintiff opposes the motion to dismiss.

## DISCUSSION

Plaintiff claims that, under 42 U.S.C. Section 1983, both the individual Defendants and Dona Ana County violated his First Amendment rights to freedom of association and freedom of speech and that, even if Defendants are entitled to qualified immunity on his First Amendment claims, he nonetheless is entitled to a "nominal judgment in the amount of $1.00 (one dollar) . . . so that the case law on this issue of Freedom of Speech under the circumstances of this cause of action can be developed so that there is not a stagnation of the law in this area." *Id.* ¶ 65. Defendants move to dismiss, arguing that Plaintiff has failed to state a plausible claim for relief against any of the individual Defendants or against Dona Ana County, and that, further, Plaintiff's claims are barred by qualified immunity. As set forth herein, the Court agrees that Plaintiff has failed to allege facts sufficient to show that any of the Defendants plausibly violated his constitutional rights.

I.  Standard on Motion to Dismiss

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion

4

tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

5

misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (citation omitted).

In keeping with these two principles, the Court explained,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

The Tenth Circuit has made clear that "context matters in notice pleading." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).   Specifically, in Section 1983 cases, where, as here, "defendants often include the government agency and a number of government actors sued in their individual capacities," it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."   *Id.* at 1249-50 (emphasis in original).   Accordingly, a complaint that "fails to isolate the allegedly unconstitutional acts of each defendant . . . does not provide adequate notice as to the nature of the claims against each," and is subject to dismissal.   *Id.* at 1250.

II.     Plaintiff's Freedom of Association Claim

In Count I, Plaintiff claims that Defendants violated his First Amendment right to freedom of association.   In support of that claim, Plaintiff points to his allegations that, after Plaintiff "casually mentioned" to Defendant Krahling that he was considering running against him in 2016, as Republican, for the County Clerk position, the following occurred:   Krahling "approached" Plaintiff through a Facebook posting on April 16, 2015, and "confronted" Plaintiff in Plaintiff's office on April 17, 2015; Plaintiff was locked out of the computer system; clerk

6

staff "were instructed" not to speak to him; clerk staff did not speak to him; Krahling did not speak to him for over two months; and Plaintiff filed "several" EEOC complaints outlining his concerns, which complaints were "largely disregarded." Doc. 19 ¶¶ 14-20. According to Plaintiff, these occurrences constitute retaliation for his "constitutionally protected action of seeking support in his off duty hours for his possible candidacy for Dona Ana County Clerk in the 2016 election after Plaintiff mentioned his interest in running for this political position." *Id.* ¶ 18.

The First Amendment right to freedom of association "protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." *Jantzen v. Hawkins*, 188 F.3d 1247, 1251 (10th Cir. 1999). To state a claim that Defendants violated his right to freedom of association, Plaintiff's allegations, if proven, must establish that "(1) political affiliation and/or beliefs were 'substantial' or 'motivating' factors behind [the alleged retaliation]; and (2) [his] employment position[] did not require political allegiance." *Id.* Plaintiff's allegations are insufficient to establish the first prong of this test.

First, Plaintiff alleges that the sole reason he was subjected to alleged retaliation was because he mentioned that he was considering running for County Clerk against Defendant Kraling, who was then Chief Deputy Clerk of the Clerk's Office where Plaintiff was employed. The Tenth Circuit, however, has held that there is no First Amendment protection against retaliation motivated by an employee's intention to run for a position against his superior. Specifically, in *Jantzen*, a deputy sheriff ran a campaign against the incumbent sheriff and was immediately fired. The Tenth Circuit stated that, "[g]iven that the only factor driving [the plaintiff's] termination was his candidacy *qua* candidacy, the plaintiff had "put forth no evidence

that he was in any way terminated for supporting or affiliating with a political party." *Id.* at 1252. The Court held that "the right to political affiliation does not encompass the mere right to affiliate with oneself," and accordingly affirmed the district court's grant of summary judgment against the plaintiff on his freedom of association claim. *Id.* Under *Jantzen*, Plaintiff cannot state a freedom of association claim based on the announcement of his intention to run for County Clerk.

In his response brief, Plaintiff argues for the first time that his freedom of association claim arises "from the fact that his continued employment at the county was conditioned upon his support of a political party." Doc. 25 at 9. While Plaintiff alleges that he mentioned that he intended to run in the 2016 election as a Republican, he does not allege that his Republican Party affiliation was a substantial or motivating factor behind the retaliatory actions he enumerates. Nor does he allege that his employment was discontinued, or even threatened to be discontinued, as a result of his association with the Republican Party. There are simply no allegations in the Second Amended Complaint to support Plaintiff's newly articulated theory that the alleged retaliation was based upon Plaintiff's support of a political party rather than his prospective candidacy itself. *See Tavizon v. Villanueva*, Civ. No. 16-293, 2017 WL 3610561 (D.N.M. Feb. 23, 2017) (finding no evidence, or allegations, to support the plaintiff's theory that his party affiliation, rather than his candidacy, was a substantial or motivating factor in the defendants' decision to demote him); *see also Lawmaster v. Ward,* 125 F.3d 1341, 1346 n. 2 (10th Cir.1997) (refusing to consider claim that was not raised in the complaint).

Further, Plaintiff has failed to meet his burden of providing fair notice of the grounds for his freedom of association claim against each of the individual Defendants. Plaintiff alleges that unnamed "staff" did not speak to him. It is unclear whether any of those staff members are named

Defendants herein.  Similarly, Plaintiff uses the passive voice to allege that he was "locked out of the computer system," that staff "were instructed" not to speak to him, and that his EEOC complaints were "largely disregarded."  Plaintiff does not identify any individual Defendant as the person who committed these alleged acts, making it "impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."  *Robbins*, 519 F.3d at 1250.  Because "[s]tate actors may only be held liable under § 1983 for their own acts, not the acts of third parties," *id.* at 1251, Plaintiff's failure to identify any acts committed by Defendants Ellins, Brown, or Medieros renders insufficient his freedom of association claim against those individuals.

Indeed, the only Defendant whom Plaintiff identifies as committing any of the alleged retaliatory actions is Krahling.  Specifically, Plaintiff alleges that Krahling "approached" him through a Facebook posting, "confronted" him in Plaintiff's office, and did not speak to Plaintiff for two months.  These allegations alone, however, "are of insufficient gravity to premise a First Amendment violation."  *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1340-41 (10th Cir. 2000) ("minor adverse employment actions [do] not constitute First Amendment violations").  Accordingly, Plaintiff has failed to allege facts sufficient to render his freedom of association claim plausible as to any of the individual Defendants.

Plaintiff similarly fails to adequately plead his freedom of association claim against Dona Ana County.  In *Monell v. Dep't of Soc. Serv.*, the Supreme Court held that a plaintiff may sue a municipality for damages under Section 1983 when "the action that is alleged to be unconstitutional implements a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official

decision-making channels." 436 U.S. 658, 690-91 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

"In order to state a Section 1983 municipal liability claim, a plaintiff must allege sufficient facts to demonstrate that it is plausible (1) that the municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *McDonald v. Arapahoe Cty.*, No. 17-cv-01701, 2018 WL 571876, *5 (D. Colo. Jan. 26, 2018) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004)). A municipal policy or custom can take the form of "(1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *McDonald*, 2018 WL 571876, at *5 (quoting *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted)).

As discussed above, the Court finds that Plaintiff has not alleged facts sufficient to demonstrate that it is plausible that any individual violated his First Amendment right to freedom of association. In the absence of allegations that one of its employees committed such a constitutional violation, the Second Amended Complaint is insufficient to state a claim of liability against Dona Ana County. *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th

Cir. 1998).

Further, nowhere does Plaintiff allege that Dona Ana County itself had a policy or custom that was the "moving force" behind the alleged constitutional deprivation. Indeed, Plaintiff makes no mention of any policies or customs of Dona Ana County at all, in any form, whether formal or informal, or of any failure by Dona Ana County to train or supervise. For this additional reason, the Second Amended Complaint fails to state a viable freedom of association claim against Dona Ana County.

III.   Plaintiff's Freedom of Speech Claim

In Count II, Plaintiff claims that Defendants terminated his employment in violation of his First Amendment right to freedom of speech. In support of that claim, Plaintiff points to his allegations that, after he "spoke out about his concerns" about the illegal activity that was going on at the Clerk's Office by giving an interview to the press over the weekend of May 30, 2015, on the following Monday, June 1, 2015, Defendant Ellins stopped at Plaintiff's desk, pointed his finger into Plaintiff's face, and said, "either you're dead or you're next," and three days later, on June 4, 2015, Dona Ana County terminated his employment. Doc. 19 ¶¶ 22-28. According to Plaintiff, he was terminated "in retaliation for the public harassment caused to Lynn Ellins, associated with [Plaintiff]'s Constitutionally protected action of speaking out about criminal activity that was taking place in the Dona Ana County Clerk's Office." *Id.* ¶ 28.

Plaintiff seems to suggest that because his allegations, if proven true, would establish that he "spoke out on matters of public concern," he has properly stated a freedom of speech claim against each of the Defendants. Doc. 25 at 20. Even assuming *arguendo* that Plaintiff's speech involved matters of public concern, this fact is not dispositive of the adequacy of his Second Amended Complaint. Rather, as explained above, in order to survive dismissal, a

11

complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1249-50 (emphasis in original). Further, "[p]ersonal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff fails to identify any personal participation by the named Defendants in his termination, and thus falls short of meeting his burden of providing fair notice of the grounds for the claims against those Defendants.

While Plaintiff alleges that Dona Ana County terminated his employment, he does not allege that any individual Defendant was personally responsible for, let alone participated in, the decision to terminate him. Accordingly, Plaintiff "fails to isolate the allegedly unconstitutional acts of each defendant" in connection with his termination, as distinguished from "collective allegations against [Dona Ana County]." *Robbins*, 519 F.3d at 1250. As a result, his freedom of speech claim fails to satisfy the standard of fair notice required by Rule 8, and is subject to dismissal. *Id.*; *see also* W*hite v. Braley*, 172 F.3d 880, No. 98-6361, at *2 (10th Cir. 1999) (plaintiff's failure to allege that named defendant was personally responsible for action alleged to have violated due process rights was fatal to plaintiff's Section 1983 claim).

Plaintiff fails to identify any involvement by Defendants Krahling, Brown, or Medieros in his termination. Indeed, the only individual whom Plaintiff mentions by name in connection with his termination is Ellins. Plaintiff does not, however, allege that Ellins participated in his termination, but rather that, three days prior to his termination, Ellins stopped at Plaintiff's desk, pointed his finger into Plaintiff's face, and said, "either you're dead or you're next." These allegations alone, however, "are of insufficient gravity to premise a First Amendment violation." *Lybrook*, 232 F.3d at 1340-41. Accordingly, Plaintiff has failed to allege facts sufficient to

render his freedom of speech claim plausible as to any of the individual Defendants.

Plaintiff similarly has failed to adequately plead his freedom of speech claim against Dona Ana County. As explained above, in order to state a Section 1983 claim against a municipality, a plaintiff must allege sufficient facts to demonstrate that it is plausible that the municipal employee committed a constitutional violation, and that a municipal policy or custom was the moving force behind the constitutional deprivation. Here, Plaintiff fails to allege that any individual Defendant violated his First Amendment right to freedom of speech. In the absence of allegations that one of its employees committed such a constitutional violation, the Second Amended Complaint is insufficient to state a freedom of speech claim against Dona Ana County.

Further, nowhere does Plaintiff allege that Dona Ana County itself had a policy or custom that was the "moving force" behind his allegedly retaliatory termination. As noted above, Plaintiff makes no mention of any policies or customs of Dona Ana County at all, in any form, whether formal or informal, or of any failure by Dona Ana County to train or supervise. For this additional reason, the Second Amended Complaint fails to state a viable freedom of speech claim against Dona Ana County.

IV.     Plaintiff's Alternative Claim

In Count VIII, Plaintiff requests that, if the Court finds that Defendants are entitled to qualified immunity on his First Amendment claims, the Court nonetheless allow his claims to "continue under a demand for nominal damages so that the law on this issue can be more fully developed without subjecting the state actors to the threat of a damages award against them." Doc. 25 at 10. Also in Count VIII, Plaintiff seeks a nominal judgment in the amount of $1.00, in the alternative to the damages he requests in connection with his First Amendment claims. *Id.* at 22.

Plaintiff has provided no legal authority, and the Court has found none, to support his request for the Court to allow his First Amendment claims to proceed regardless of the fact that the Court finds those claims to be insufficient to survive a motion to dismiss. In the absence of a viable claim, Plaintiff is not entitled to seek damages, even damages in a nominal amount. For this reason, Count VIII of the Second Amended Complaint fails to state a claim upon which relief can be granted and is subject to dismissal.

V.      Plaintiff's Pendant State Law Claims

In addition to his federal constitutional claims, Plaintiff's Second Amended Complaint includes various claims arising from New Mexico law (Counts III through VII). The Court's pendent jurisdiction over these state claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined that Plaintiff's First Amendment claims are subject to dismissal, only the supplemental or pendent state law issues of defamation, outrageous conduct, and violation of the New Mexico Whistleblower Protection Act remain. *See* Doc. 19 ¶¶ 34-63. The Court finds that these issues are best left for a state court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and dismisses them without prejudice. *Id.*

## CONCLUSION

Plaintiff fails to plausibly state a claim that the individual Defendants or Dona Ana County violated his First Amendment rights of freedom of association and freedom of speech. Further, Plaintiff fails to provide any basis for the Court to allow him to proceed to trial to seek a nominal judgment on his insufficiently alleged First Amendment claims. Finally, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims. For these reasons, dismissal of all of the claims set forth in the Second Amended Complaint is warranted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Counts I, II and VIII of Plaintiff's Second Amended Complaint and for Qualified Immunity and Memorandum in Support Thereof [Doc. 24] is GRANTED as follows: Plaintiff's Second Amended Complaint is dismissed in its entirety.

DATED this 21st day of February, 2018.

_____
MARTHA VAZQUEZ
United States District Judge